UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
...................................................x
THOMAS NIMELY,

        Plaintiff,

-against-

        98 CV 6925

        ORDER

CITY OF NEW YORK, and
JAMES MUIRHEAD,

        Defendants.
...................................................x

With trial scheduled to begin on February 6, 2006, the court today received testimony of defendants' witnesses Stuart Dawson, M.D. and Grahame Fischer, then heard oral arguments on several motions in limine.

For the reasons stated on the record at the close of the hearing, the court made the following rulings. The court reminds counsel that these rulings may be modified during trial, but only upon request of counsel and hearing held outside the presence of the jury.

        1. Except as here modified, all previous rulings on evidentiary issues, including earlier motions in limine made before, during, and after the first jury trial in February 2004, remain in effect.

        2. The court sustains plaintiff's motion in limine, based on the Second Circuit Court of Appeals decision, to preclude Dr. Dawson from testifying about the credibility of Officer McCarthy and defendant Muirhead, and from testifying about his "misperception hypothesis," explained at pages 11-13 of the Court of Appeals decision.

        3. The court sustains plaintiff's motions in limine to preclude testimony of the witness Grahame Fischer. He is not a medical doctor, has no background nor expertise in ballistics or the effect of bullet wound on motions of a human body, and has no substantive opinions to offer that are different from or modify the expert testimony of Dr. Dawson.

        4. The court modifies its previous ruling of November 4, 2005, concerning Dr. Dawson's proffered opinions applying the laws of physics to movements of the bullet and plaintiff's body that the bullet struck. Dawson may not testify he is an expert on the principles of

1

physics, but he may refer to principles of physics in explaining in part his opinion about how impact of the bullet immediately affected the plaintiff's body movements at the time he was struck and went to the ground.

5. No witness will leave the witness stand nor use demonstrative evidence without first seeking permission of the court.

6. On February 6, 2006 each party shall designate the portions of deposition testimony they plan to present at trial. On February 7, 2006, the parties may cross designate.

7. The damages phase of this trial, if necessary, will commence on April 3, 2006.

SO ORDERED.

Dated this 3rd day of February, 2006.

C.
U